IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON SALB, | ) | |
| | ) | **06-05 Erie** |
| Petitioner, | ) | (Related to Crim. No. 91-3E) |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent | ) | |

## MEMORANDUM OPINION

Presently pending before the Court are a "Petition Pursuant to 28 U.S.C. § 2255" (Doc.1), and the Government's Motion to Dismiss said petition (Doc. 5).

We hold that petitioner's application for relief must be denied; his claims are not cognizable on collateral review because his judgment was final before *United States v. Booker*, 543 U.S. 220 (2005) was decided. Every court reviewing the issue has concluded that *Booker* applies only to cases on direct review and is not retroactively applicable on collateral review.

On January 12, 2005, the United States Supreme Court issued *Booker* and concluded that the United States Sentencing Guidelines were unconstitutional as enacted. *Booker* was decided by two opinions of the Court approved by different majorities. *Id.* The first opinion, authored by Justice Stevens, reaffirmed the Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. In the

1

second opinion, authored by Justice Breyer, the Court held that 18 U.S.C. §3553(b)(1), the provision of the Sentencing Reform Act of 1984 which made the Guidelines mandatary, was incompatible with the Court's constitutional ruling and, therefore, the Court severed §§ 3553(b)(1) and 3742(e). The "net result was to delete the mandatory nature of the Guidelines and transform them to advisory guidelines for the information and use of the district courts in whom discretion has now been reinstated." *United States v. Ordaz,* 398 F.3d 236, 239 (3d Cir. 2005); *In re Olopade,* 403 F.3d 159 (3d Cir. 2005).

On April 11, 2005, the Third Circuit opined that the rule of *Booker,* which extended the rule of *Apprendi* to the Federal Sentencing Guidelines, was not retroactively applicable to cases on collateral review. *In re Olopade,* 403 F.3d at 159; *accord Lloyd v. United States,* 407 F.3d 608 (3d Cir. 2005). In so doing, the Third Circuit noted that the Supreme Court has held that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain,* 533 U.S. 656, 663 (2001). This is accomplished by the Supreme Court explicitly holding so or "where two or more of its decisions when read together --- absolutely dictate, that a particular rule is retroactively applicable to cases on collateral review." *In re Olopade,* 403 F.3d at 162. Significantly, the Supreme Court has not expressly held that *Booker* is applicable to cases on collateral review. *Id.* at 163-164. In fact, *Booker* itself was decided on direct appeal and did not expressly declare that its holding should be applied retroactively to cases on collateral review. Moreover, "there is no combination of Supreme Court cases that 'dictates' that *Booker* has retroactive force on collateral review." *Id.; accord Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005); *Bey v. United States,* 399 F.3d 1266, 1269 (10th Cir. 2005); *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir. 2005); *Green v. United*

*States,* 397 F.3d 101, 103 (2d Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.2005); *Schardt v. Payne*, 414 F.3d 1025 (9th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005). In light of this precedent, the Supreme Court's *Booker* decision has no application to petitioner's sentence and does not provide a basis to reduce the sentence.

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the court has reviewed petitioner's motion and respondent's answer, as well as the record, and concludes that an evidentiary hearing is not required because the files and records of the case conclusively establish that petitioner is not entitled to relief. *See United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); *United States v. Booth*, 432 F.3d 542, 545-546 (3d Cir. 2005); *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).

Furthermore, we note that this petition must be dismissed on the grounds that it is a second or successive application filed without authorization from the United States Court of Appeals. 28 U.S.C. § 2255, ¶ 8; *Robinson v. Johnson*, 313 F. 3d 128, 140 (3d Cir. 2002).

The remaining issue before this Court is whether a certificate of appealability ("COA") should be issued with respect to Petitioner's § 2255 motion. *In Slack v. McDaniel*, 529 U.S. 473, (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Here, even assuming that Petitioner's §2255 motion states a valid claim of the denial of a constitutional right, we find that jurists of reason would not find it debatable

whether we were correct in our procedural ruling that Petitioner's motion was untimely filed.

Accordingly, a COA will not be issued with respect to Petitioner's §2255 motion.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Court Judge